UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Brett A. Currier
and Brenda L. Currier

    v.                                    Civil No. 18-cv-1204-LM
                                          Opinion No. 2019 DNH 129
Town of Gilmanton, et al.


**O R D E R**

Brett and Brenda Currier bring this suit against the Town of Gilmanton ("Town") and Marshall Bishop, who is a current member of the Town Board of Selectman.  Plaintiffs have actively participated in local government by publicly criticizing defendants and making numerous requests for information from the Town under New Hampshire's Right-to-Know Law.  Plaintiffs assert federal and state claims alleging that defendants have retaliated against them for this protected conduct and have violated New Hampshire's Right-to-Know Law.  Defendants move to dismiss plaintiffs' 60-page complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2)'s "short and plain statement" requirement.[1]  Plaintiffs object.  For the following

---

[1] Defendants' motion to dismiss also cites Federal Rules of Civil Procedure 10(b) and 12(f).  But defendants do not develop an argument as to how these rules support dismissal.  The court therefore focuses its analysis on Rule 8(a)(2).

reasons, the court grants defendants' motion and dismisses the complaint without prejudice.

## BACKGROUND

Plaintiffs are long-time residents of Gilmanton and active participants in local government. Mr. Currier served as a member of the Town Board of Selectman ("Board") from 2012 to 2015. In 2016, he lost his bid for reelection and two new people were elected to the Board, including defendant Marshall Bishop. Between 2016 when the new Board members began sitting and 2018, plaintiffs publicly criticized the Board on many occasions, filed numerous Right-to-Know requests with the Town, and made inquiries to state agencies about whether Bishop's business, Gilmanton Winery and Vineyard, was properly permitted. Plaintiffs claim that defendants retaliated against them for this protected conduct through harassment and defamation.

Based on these allegations, plaintiffs assert four claims: (1) violation of New Hampshire's Right-to-Know Law, New Hampshire Revised Statutes Annotated ("RSA") chapter 91-A; (2) a "free speech" claim under 42 U.S.C. § 1983 and the First Amendment to the United States Constitution; (3) a "free speech" claim under Part I, Article 22 of the New Hampshire

Constitution;[2] and (4) defamation.  Plaintiffs assert all claims against both defendants.  Plaintiffs allege that the Town is directly and vicariously liable for the conduct of its past and present public officials and employees.  And they allege that Bishop is liable in his official and individual capacities.

Plaintiffs' complaint is 60 pages long and contains 291 numbered paragraphs.  Before filing this motion, defendants asked plaintiffs to amend the complaint to comply with Rule 8(a)(2).  Because plaintiffs declined to do so, defendants filed the instant motion to dismiss under Rule 8(a)(2).

**LEGAL STANDARD**

Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d) also requires that each allegation in the complaint be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1); see also Fed. R. Civ. P. 10(b) (requiring each numbered paragraph to be "limited as far as practicable to a single set of circumstances").  "The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and

---

[2] In the complaint, plaintiffs combine their federal and state "free speech" claims into one count (Count II).

defense." Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57 (D. Mass. 2015). Indeed, while a complaint must contain enough facts "to state a claim to relief that is plausible on its face," it need not include "detailed factual allegations." Goldstein v. Galvin, 719 F.3d 16, 29 (1st Cir. 2013) (internal quotation marks omitted).

A district court may dismiss a complaint that fails to comply with Rule 8's "short and plain statement" requirement. Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993). Although verbosity and length are generally insufficient grounds for dismissal, complaints that are "unnecessarily lengthy, repetitive, convoluted, or otherwise difficult to comprehend may be dismissed." Chalifoux v. Chalifoux, No. 14-CV-136-SM, 2014 WL 1681626, at *1 (D.N.H. Apr. 25, 2014). This is so because "unnecessary length places an unjustified burden on the court and on the party who must respond to [the complaint]." Greg Beeche Logistics, LLC v. Skanska USA Bldg., Inc., No. 1:12-CV-11121, 2014 WL 4656503, at *5 (D. Mass. Aug. 5, 2014) (internal quotation marks omitted); see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) ("[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." (internal quotation marks

4

omitted)).  In evaluating whether a pleading meets Rule 8's "short and plain statement" requirement, the court should consider "the nature of the action, the relief sought and a number of other pragmatic matters." Carney v. Town of Weare, No. 15-CV-291-LM, 2016 WL 320128, at *4 (D.N.H. Jan. 26, 2016) (internal quotation marks and ellipsis omitted).

**DISCUSSION**

The court has carefully reviewed the complaint.  The court finds two primary problems with the complaint: (1) it is unnecessarily lengthy based on the nature of the action; and (2) the separate counts fail to identify with specificity which factual allegations support which count.

1. <u>Unnecessarily Lengthy</u>

This action is not legally or factually complex.  It involves two plaintiffs, two defendants, and four claims. Although buried within 291 paragraphs, the gist of the complaint appears to be that defendants violated the Right-to-Know Law and retaliated against plaintiffs for protected conduct by defaming and harassing them.  The court acknowledges that defendants' alleged wrongdoing spans three years and includes many alleged acts of harassment and defamation.  Additionally, plaintiffs

5

have alleged a § 1983 claim against a local government, which requires proof that "action pursuant to official municipal policy" caused plaintiffs' injury.  Connick v. Thompson, 563 U.S. 51, 60 (2011) (internal quotation marks omitted).  Such an official municipal policy may be proven by showing that a certain practice—here alleged retaliation for criticism of public officials—is "so persistent and widespread as to practically have the force of law."  Id.

   Even given these attributes of plaintiffs' suit, the court finds that the complaint, viewed as a whole, is unnecessarily lengthy and convoluted.  Cf. Catalan v. Vermillion Ranch Ltd. P'ship, No. 06-cv-01043-WYD-MJW, 2007 WL 38135, at *4-5 (D. Colo. Jan. 4, 2007) (finding "intelligible and well-organized" 74-page complaint complied with Rule 8(a) when suit involved six individual plaintiffs, six individual defendants, one partnership defendant, and ten claims including two RICO claims).  Though ordered chronologically, the complaint is difficult to follow because it contains too much unnecessary detail.  For example, plaintiffs spend much time detailing the history of Bishop's interactions with the Town Planning Board and Zoning Board of Adjustment regarding the permitting of his business, which culminated in Bishop filing suit against the Town.  Though the fact of Bishop's lawsuit against the Town may

provide relevant context for some of Bishop's allegedly defamatory statements, the minutiae of the dispute are not material.  See doc. no. 1 at ¶¶ 69, 93-94, 96-98, 107, 113-119, 122.

The complaint also contains a number of allegations that appear to be superfluous and, in some cases, inflammatory.  See Carney, 2016 WL 320128, at *5 (finding amended complaint failed to comply with Rule 8 in part based on inclusion of immaterial and embarrassing allegations).  For example, plaintiffs' Right-to-Know claim alleges that the Town's decision to lock the front doors of the Town Hall contributed to an elderly woman's injury and another man's fatal heart attack.  Doc. no. 1 at ¶ 253; see also, e.g., id. at ¶¶ 74-77 (alleging Bishop made false statements in letter to the editor about whether his business was properly permitted); id. at ¶ 227 (alleging that Town employee filed suit against Town); id. at ¶¶ 231-32 (alleging that Bishop added bathrooms to his business without proper permitting).  It is unclear how these allegations are in any way related to the substance of plaintiffs' claims.  Plaintiffs' inclusion of these (and other) marginally relevant details and immaterial facts obscures the core claims.[3]

---

[3] The court also notes that the form of the complaint makes it difficult to answer as a practical matter.  The complaint includes several paragraphs that are lengthy and contain more

2. Legal Theories Lack Clear Factual Predicate

Plaintiffs' claims fail to specify the factual predicates supporting each claim. The "general allegations" section of the complaint—spanning 231 of the 291 numbered paragraphs—provides a meandering narrative account of the acrimonious relationship between the parties. But plaintiffs' statement of claims, contained in the final 49 paragraphs of the complaint, fails to specify which facts from the morass of the "general allegations" support each separate claim for relief.

Put simply, the complaint is a quintessential "shotgun" pleading. A "shotgun" pleading typically asserts multiple counts against multiple defendants "without adequately delineating which allegations of fact support each distinct cause of action." Jones Creek Inv'rs, LLC v. Columbia Cty., Ga., No. CV 111-174, 2011 WL 7446782, at *2 (S.D. Ga. Dec. 9, 2011), report and recommendation adopted, No. CV 111-174, 2012

---

than a single set of circumstances. See, e.g., doc. no. 1 at ¶ 3 (alleging six different sets of facts in eleven-line paragraph); id. at ¶ 5 (alleging four different sets of facts in one paragraph). One such paragraph is broken into multiple unnumbered sub-paragraphs. Id. at ¶ 27 (including seven sub-paragraphs, one of which has additional subparts). In order to facilitate defendants' ability to meaningfully answer, plaintiffs must amend these and similar paragraphs to comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(d)(1); Fed. R. Civ. P. 10(b).

WL 694316 (S.D. Ga. Mar. 1, 2012). This problem often results when the pleader "excessively incorporat[es] by reference previous allegations into each count," id., as plaintiffs have done here. This form of pleading puts the onus on the court to "cull through the allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to that claim." Ledford v. Peoples, 657 F.3d 1222, 1239 (11th Cir. 2011).

Count III exemplifies this problem. Count III asserts a defamation claim against both defendants. A plaintiff proves defamation "by showing that the defendant failed to exercise reasonable care in publishing a false and defamatory statement of fact about the plaintiff to a third party, assuming no valid privilege applies to the communication." Thomas v. Telegraph Publishing Co., 155 N.H. 314, 321 (2007) (internal quotation marks omitted). Thus, the essence of a defamation claim is a defendant's purportedly false and defamatory statement about a plaintiff. A defamation claim must provide notice to a defendant of which statements constitute the defamation. See White v. Ortiz, No. 13-cv-251-SM, 2015 WL 5331279, at *5 (D.N.H. Sept. 14, 2015). Likewise, the court requires the same notice so that it can evaluate each statement relied upon in support of the claim.

Count III identifies only one specific statement made by defendants about plaintiffs: that Mrs. Currier was the reason that the Town Hall had to be locked for safety concerns. Doc. no. 1 at ¶ 276. The remainder of Count III either refers back to and reincorporates allegations made earlier in the complaint or lists general categories of purportedly defamatory statements. Id. at ¶ 277 ("The negative statements made about the Curriers, together or individually, throughout this document are false and defamatory."); id. at ¶ 278 (asserting that defendants' slander included "statements at meetings, the minutes of meetings, audio and video recordings . . . comments to the newspapers and statements to individuals in the public . . . .").

These allegations are simply not specific enough to put defendants on notice as to which of their verbal and written statements—of the many alleged throughout the complaint—are allegedly defamatory. Though there may be allegations identifying specific defamatory statements scattered throughout the "general allegations" section of the complaint that provide a factual basis for this claim, the court and opposing counsel should not have to bear the onerous burden of searching for those facts. See Greg Beeche Logistics, 2014 WL 4656503, at *5; see also White v. Crabtree, No. CIV. 04-1584-HO, 2004 WL

2609104, at *2 (D. Or. Nov. 12, 2004) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a) is proper.").

Plaintiffs Right-to-Know claim and retaliation claims suffer from the same deficiency. See, e.g., doc. no. 1 at ¶¶ 247-49 (alleging that defendants' Right-to-Know violations include "failing to post some meetings properly, or at all, discussing public business with a quorum present in unposted meetings, [and] failing to turn over documents on time," but omitting allegations of specific meeting dates or Right-to-Know requests that form the basis of the claimed violations); id. at ¶¶ 262-73 (alleging broadly that defendants' retaliatory acts "are described throughout this complaint").

In sum, the court finds that the complaint fails to comply with Rule 8(a)(2)'s "short and plain statement" mandate. The court notes that it does not find that counsel deliberately designed the complaint to be convoluted and verbose. Counsel appears to have endeavored in good faith to provide a chronological account of facts ostensibly relevant to plaintiffs' claims. However, it appears that counsel may have lost the forest for the trees. For all the reasons discussed

above, the court dismisses the complaint, but grants plaintiffs leave to file an amended complaint.

**CONCLUSION**

For the foregoing reasons, the court grants defendants' motion (doc. no. 13) and dismisses the complaint without prejudice.  The court grants plaintiffs leave to file an amended complaint that complies with the Federal Rules of Civil Procedure by October 12, 2019.  In doing so, plaintiffs must include only relevant facts, make clear what facts support which legal claims, and shorten the length of the amended complaint.

SO ORDERED.

                                    _____
                                    Landya McCafferty
                                    United States District Judge

August 12, 2019

cc: Counsel of Record