UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Brett A. Currier
and Brenda L. Currier

v. Civil No. 18-cv-1204-LM
Opinion No. 2020 DNH 064

Town of Gilmanton, et al.

**O R D E R**

Brett and Brenda Currier bring this suit against the Town of Gilmanton ("Town") and Marshall Bishop, who is a current member of the Town Board of Selectmen. Plaintiffs assert against both defendants claims of defamation, violation of New Hampshire's Right-To-Know Law, and violation of their free speech rights under the federal and state constitutions. Defendants previously moved to dismiss the complaint for failure to comply with Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement. The court granted defendants' motion to dismiss but gave plaintiffs leave to file an amended complaint, which plaintiffs timely filed. Defendants now move to dismiss the amended complaint, arguing that it still fails to adhere to the Rule 8(a) standard.

**STANDARD OF REVIEW**

Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) also requires that each allegation in the complaint be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); see also Fed. R. Civ. P. 10(b) (requiring each numbered paragraph to be "limited as far as practicable to a single set of circumstances"). "The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and defense." Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57 (D. Mass. 2015); see also Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006). Indeed, while a complaint must contain enough facts "to state a claim to relief that is plausible on its face," it need not include "detailed factual allegations." Goldstein v. Galvin, 719 F.3d 16, 29 (1st Cir. 2013) (internal quotation marks omitted).

A district court has broad discretion to dismiss a complaint that fails to comply with Rule 8's "short and plain statement" requirement. Kuehl v. F.D.I.C., 8 F.3d 905, 908, 909 (1st Cir. 1993). Dismissal for noncompliance with Rule 8 is typically "reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Sayied v. White, 89

Fed. App'x 284, 2004 WL 489060, at *1 (1st Cir. 2004) (internal quotation marks omitted).

In evaluating whether a pleading meets Rule 8's "short and plain statement" requirement, the court should consider "the nature of the action, the relief sought and a number of other pragmatic matters." Carney v. Town of Weare, No. 15-CV-291-LM, 2016 WL 320128, at *4 (D.N.H. Jan. 26, 2016) (internal quotation marks and ellipsis omitted).

## BACKGROUND

The following facts are drawn from the amended complaint. Plaintiffs are life-long residents of Gilmanton and active participants in local government. In 2016, Mr. Currier lost his campaign for reelection to the Town Board of Selectmen ("Board") and defendant Marshall Bishop was elected to the Board. Between 2016 and the filing of this suit in 2018, plaintiffs publicly criticized the Board on many occasions, filed numerous Right-To-Know requests with the Town, and made inquiries to state agencies about whether Bishop had acquired the proper permits for his business, Gilmanton Winery and Vineyard. Plaintiffs claim that defendants retaliated against them for this protected conduct by defaming them, harassing them, and refusing to appropriately respond to their Right-To-Know requests.

In December 2018, plaintiffs filed their original complaint. It had 60 pages and 291 numbered paragraphs. Defendants moved to dismiss for failure to comply with the "short and plain statement" mandate of Rule 8(a). The court agreed; it granted defendants' motion to dismiss but also granted plaintiffs leave to amend.

In October 2019, plaintiffs filed an amended complaint asserting four claims: (I) defamation; (II) violation of New Hampshire's Right-To-Know Law, New Hampshire Revised Statutes Annotated ("RSA") chapter 91-A; (III) a free speech claim under 42 U.S.C. § 1983 and the First Amendment to the United States Constitution; and (IV) a free speech claim under Part I, Article 22 of the New Hampshire Constitution. Defendants now move to dismiss a second time. They argue again that the amended complaint—which spans 51 pages and 285 numbered paragraphs—fails to comply with Rule 8(a).

**DISCUSSION**

In the court's order on defendants' first motion to dismiss, the court identified two primary faults of the complaint. See doc. no. 18. First, it was unnecessarily lengthy given the nature of the action. And second, the counts asserted failed to identify with specificity which factual

allegations supported which count or counts. The court has carefully reviewed the amended complaint. Plaintiffs have not cured the first problem: the amended complaint, like the first complaint, is poorly drafted and is far too lengthy. However, with respect to the second defect, the amended complaint does a reasonable job of curing that problem.

## I. Fair Notice of Bases of Each Claim

The court will begin by addressing whether the amended complaint provides defendants fair notice of the claims asserted, identifies the facts that each claim is premised on, and enables defendants to coherently answer. See Calvi, 470 F.3d at 430; Belanger, 307 F.R.D. at 57. As explained in the court's prior order, the complaint asserted four claims, but did not specifically identify which of the general factual allegations supported each claim. Instead, each count vaguely referred back to the general factual allegations, putting the onus on defendants and the court to divine which facts each count relied upon. In other words, the complaint gave defendants notice of plaintiffs' claims but failed to provide notice of the factual bases for each claim.

Plaintiffs have cured this deficiency. Each count in the amended complaint is supported by specific facts. And, in many

instances, the factual allegations supporting the claim include a citation to previous paragraphs in the amended complaint that provide a further factual basis for the claim.

For example, in support of the defamation claim, count I, plaintiffs list twenty-six alleged defamatory acts. See doc. no. 21 at ¶¶ 244-46. One specific alleged defamatory act is the Town Administrator's June 21, 2016 email to the Belknap County Attorney. Id. at ¶ 244, B. The paragraph identifying this factual basis cites to paragraph 51. Id. Paragraph 51 explains that the Town Administrator sent an email to the Belknap County Attorney on that date that stated: "We need the County Attorney to review a situation here in Town where a Selectman is being harassed by a resident – the wife of the chap who lost in the running last March." Id. at ¶ 51. Read together, these paragraphs give defendants notice of one of the factual grounds for plaintiffs' defamation claim. This form of pleading, though not ideal, is sufficient to put defendants on notice of the factual allegations underlying plaintiffs' defamation claim.

The same can be said of plaintiffs' Right-To-Know and free speech claims. Each of those claims sets out the many factual grounds upon which it rests. The Right-To-Know claim identifies sixteen alleged violations and the free speech claims identify at least fifteen protected acts of speech and twenty purported

acts of retaliation. See doc. no. 21 at ¶¶ 259-62, 268-72. Thus, the amended complaint provides defendants adequate notice of plaintiffs' claims and the alleged factual predicates for those claims.

Defendants argue that plaintiffs' allegations supporting each claim in the amended complaint are "confusing," "vague," and "problematic." Doc. no. 22 at 5, 8. Most of defendants' criticisms, however, relate to whether the amended complaint properly states claims for relief, not whether the amended complaint puts defendants on notice of plaintiffs' claims and their underlying facts as required by Rule 8(a).

By way of example, defendants take issue with one specific ground for plaintiffs' Right-To-Know claim detailed in paragraph 36. See doc. no. 22 at 6. Plaintiffs allege under their Right-To-Know claim that "[o]n or about May 20, [2016] Mrs. Currier made a [Right-To-Know] request, which mostly went unanswered." Doc. no. 21 at ¶ 261, B (citing ¶ 36). Paragraph 36 then explains that Mrs. Currier's Right-To-Know request of that date sought "employees' job descriptions, department head salary research [the Town Administrator] had referred to and research surrounding 10% budget cuts." Id. at ¶ 36. The amended complaint then alleges that "Mrs. Currier was only given some

job descriptions but has never received the other information, and therefore presumes it did not in fact exist." Id.

Defendants argue that if the other requested documents did not exist, as plaintiffs allege, then there can be no Right-To-Know violation. While that may prove true, that argument goes to whether plaintiffs have stated a claim for relief—not whether defendants have adequate notice of the claim. See Wynder v. McMahon, 360 F.3d 73, 80 (2d Cir. 2004) ("[T]here is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."). Defendants can test whether plaintiffs have sufficiently stated claims upon which relief can be granted in a properly filed motion to dismiss under Rule 12(b)(6). See id. For now, these allegations put defendants on notice that plaintiffs' Right-To-Know claim is based in part on the allegation that Mrs. Currier did not receive all the documents she sought through her May 20, 2016 Right-To-Know request.

In sum, while far from a model of clarity, the amended complaint provides defendants with notice of plaintiffs' claims and the grounds on which they rest, thereby satisfying the purpose of Rule 8(a).

II. Length

The court's second concern about the original complaint was that it was unnecessarily long given the nature of the action. The amended complaint clarifies the nature of this action because it, unlike the complaint, specifies the factual bases for each claim. Although the court continues to find that this suit is not overly complex, it now understands just how many instances of defendants' unlawful conduct plaintiffs allege. Specifically, the amended complaint alleges twenty-six defamatory acts, sixteen alleged violations of the Right-To-Know Law, and twenty alleged acts of retaliation for plaintiffs' exercise of their speech rights. The court, at this stage of the proceedings, takes no position on the viability of the various grounds for plaintiffs' claims. But the sheer volume of the factual grounds for plaintiffs' claims explains, to some extent, the length of the amended complaint.

Despite the volume of plaintiffs' allegations, they have shortened the amended complaint and improved upon the other pleading issues the court identified. Plaintiffs removed the irrelevant and inflammatory factual allegations identified by the court in its prior order. As a result, the amended complaint is nine pages shorter than the complaint, even though

plaintiffs added material to each of the counts in their effort to cure the notice deficiency of the complaint discussed above.

Further, plaintiffs have revised the amended complaint in ways that make it possible for defendants to meaningfully answer. The average length of each paragraph in the amended complaint is shorter than in the complaint and, for the most part, each paragraph is limited to a single set of circumstances. See Fed. R. Civ. P. 10(b). Plaintiffs also reworked the paragraphs from the complaint that had multiple unnumbered subparagraphs so that those assertions are now broken up into separately numbered paragraphs. The court acknowledges that some paragraphs have multiple subparagraphs, particularly those listing the factual grounds for each claim. See, e.g., doc. no. 21 at ¶¶ 244-45, 261. But those subparagraphs are "numbered" in the sense that they are demarcated with letters (A, B, C, and so on). This structure enables defendants to coherently answer each allegation. See Fed. R. Civ. P. 8(b).

To be sure, the amended complaint, like the complaint, contains some irrelevant factual allegations. Plaintiffs did not go as far as they could have in removing extraneous material. But the inclusion of some unnecessary allegations does not warrant a dismissal. See Chalifoux v. Chalifoux, No. 14-CV-136-SM, 2014 WL 1681626, at *1 (D.N.H. Apr. 25, 2014)

(explaining that verbosity and length alone are generally not sufficient grounds for dismissal, but that length and verbosity that make the complaint difficult to comprehend may warrant dismissal). Although not a model of brevity or simplicity, the amended complaint meets the Rule 8(a) standard: it provides defendants notice of the claims lodged against them, gives notice of the factual bases for those claims, and is organized in a format that permits defendants to prepare an answer.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss (doc. no. 22) is denied. Defendants must file an answer or a motion to dismiss under Rule 12 within 45 days, on or before June 5, 2020.

SO ORDERED.

Landya McCafferty
United States District Judge

April 21, 2020

cc: Counsel of Record